**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0696-16T4

U.S. BANK TRUST, N.A., as
Trustee for LSF9 MASTER
PARTICIPATION TRUST,

       Plaintiff,

v.

MRS. EDWIN P. GANT, his wife,
and STATE OF NEW JERSEY,

       Defendants,

and

EDWIN P. GANT,

       Defendant/Third-Party
       Plaintiff-Appellant,

v.

MAVERICK FUNDING CORP. and U.S.
BANK TRUST, N.A., as Trustee
for LSF9 MASTER PARTICIPATION
TRUST,

       Third-Party Defendants-
       Respondents,

and

CITI MORTGAGE, INC.,

     Third-Party Defendant.

_____

     Argued June 7, 2018 — Decided June 19, 2018

     Before Judges Haas, Rothstadt and Gooden Brown.

     On appeal from Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. F-034705-14.

     Edwin P. Gant, appellant, argued the cause pro se.

     Alain Leibman argued the cause for respondent Home Point Financial Corporation f/k/a Maverick Funding Corp. (Fox Rothschild LLP, attorneys; Alain Leibman, on the brief).

     Michael J. Fitzpatrick argued the cause for respondent U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust and Caliber Home Loans, Inc. (Day Pitney, LLP, attorneys; Elizabeth J. Sher and Michael J. Fitzpatrick, on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Edwin P. Gant appeals from the September 29, 2016 final judgment of foreclosure entered after Judge Anne McDonnell granted summary judgment to plaintiff U.S. Bank Trust, N.A., as Trustee for LSFP Master Participation Trust and Caliber Home Loans, Inc., struck defendant's answer and affirmative defenses, and dismissed his counterclaim against plaintiff with prejudice. Defendant also

challenges several interlocutory orders entered during the course of the litigation, including the June 10, 2016 summary judgment order in favor of plaintiff; an April 15, 2016 order dismissing plaintiff's third-party complaint with prejudice against third-party defendant Home Point Financial Corporation f/k/a Maverick Funding Corp.; and several orders denying his motions for reconsideration of the judge's rulings.

On appeal, defendant raises the following contentions:

POINT I

THE LOWER TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF U.S. BANK (I.E. THE PRESENT PLAINTIFF) AND STRIKING THE AFFIRMATIVE DEFENSES COUNTERCLAIM AND THIRD-PARTY COMPLAINTS OF PRO SE DEFENDANT GANT WHEN TAKING INTO CONSIDERATION THAT THE ORIGINAL/INITIAL PLAINTIFF, CITIMORTGAGE, INC. HAD NO LEGAL STANDING TO FILE THE INSTANT (I.E. SECOND) LAWSUIT ON AUGUST 21, 1014 [sic].

POINT II

THE LOWER TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF U.S. BANK (I.E. THE PRESENT PLAINTIFF) AND STRIKING THE AFFIRMATIVE DEFENSES COUNTERCLAIM AND THIRD-PARTY COMPLAINTS OF PRO SE DEFENDANT GANT WHEN TAKING INTO CONSIDERATION THAT THE ORIGINAL/INITIAL PLAINTIFF CITIMORTGAGE, INC. HAD FAILED TO PROSECUTE BOTH CASES.

POINT III

THE LOWER TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF U.S. BANK (I.E. THE PRESENT PLAINTIFF) WHEN TAKING INTO CONSIDERATION THAT THE DOCTRINE OF LACHES APPLIES TO NOT ONLY PRECLUDE SUMMARY JUDGMENT FROM BEING GRANTED TO PLAINTIFF U.S. BANK BUT ALSO SHOULD RESULT IN THE SECOND COMPLAINT OF THE PRESENT PLAINTIFF U.S. BANK BEING DISMISSED WITH PREJUDICE.

POINT IV

THE LOWER TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF U.S. BANK AND STRIKING THE AFFIRMATIVE DEFENSES COUNTERCLAIM AND THIRD-PARTY COMPLAINTS OF PRO SE DEFENDANT GANT WHEN TAKING INTO CONSIDERATION THAT THE RESPECTIVE PLAINTIFFS (E.G. THE ORIGINAL/INITIAL PLAINTIFF CITIMORTGAGE INC., AND THE SECOND PLAINTIFF, U.S. BANK) HAVE UNCLEAN HANDS.

POINT V

THE FINDINGS AND RULINGS OF THE LOWER TRIAL COURT REGARDING STANDING, LACHES, UNCLEAN HANDS AND LACK OF PROSECUTION WHEN COMBINED FALL SO WIDE OF [THE] MARK THAT IT IS CLEAR THAT A MISTAKE OR MISTAKES HAVE BEEN MADE BY THE LOWER/TRIAL COURT UNDER APPLICABLE NEW JERSEY CASE LAW.

POINT VI

THE COURSE OF ACTION BY THE LOWER/TRIAL COURT IN THIS CASE VIOLATES BOTH PROCEDURAL AND SUBSTANTIVE DUE PROCESS UNDER THE STATE OF NEW JERSEY AND UNITED STATES CONSTITUTIONS BOTH AS TO GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF U.S. BANK AND STRIKING THE AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD-PARTY COMPLAINTS OF PRO SE DEFENDANT GANT; AND

DISMISSING THE THIRD-PARTY COMPLAINT OF PRO SE DEFENDANT GANT AGAINST MAVERICK.

<u>POINT VII</u>

THE LOWER/TRIAL COURT COMMITTED REVERSIBLE ERROR BY: (1) ATTEMPTING TO ACT AS A REAL ESTATE EXPERT [O]N BEHALF OF THE THIRD-PARTY DEFENDANT MAVERICK AND ALSO THE PLAINTIFF U.S. BANK WHICH ASSUMED THE RIGHTS AND RESPONSIBILITIES OF NOT ONLY THE THIRD-PARTY DEFENDANT MAVERICK BUT DEFENDANT CITIMORTGAGE, INC. ALSO; AND (2) FAILING TO FIND THAT THERE IS A QUESTION OF MATERIAL FACT AS TO WHETHER THE REAL ESTATE APPRAISAL RELIED UPON BY THE THIRD-PARTY DEFENDANT MAVERICK IS FRAUDULENT AND THAT THE APPROVAL OF THIS LOAN BY THE THIRD-PARTY DEFENDANT MAVERICK BASED UPON A FRAUDULENT AND HORRENDOUSLY INFLATED REAL ESTATE APPRAISAL IS INDICATIVE OF A PREDATORY LENDING SCHEME.

<u>POINT VIII</u>

THE LOWER TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO HEED AND FOLLOW THE ARGUMENT OF PRO SE DEFENDANT GANT THAT THE FACTS IN THIS CASE — BOTH PROCEDURAL AND SUBSTANTIVE – BAR THE THIRD-PARTY DEFENDANT MAVERICK FROM PREVAILING ON ITS MOTION TO DISMISS UNDER THE EXISTING STATUTORY AND CASE LAW OF THE STATE OF NEW JERSEY.

<u>POINT IX</u>

THE LOWER/TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO HEED THE ARGUMENT OF PRO SE DEFENDANT GANT THAT ANY AND ALL LEGAL THEORIES/CAUSES OF ACTION PLED BY THE PRO SE DEFENDANT GANT AGAINST THE THIRD-PARTY DEFENDANT MAVERICK SHOULD BE PERMITTED TO CONTINUE THROUGH THE DISCOVERY PROCESS AS THE RECORD WAS INCOMPLETE AND THE RESOLUTION OF ALL ISSUES OF STATUTES OF LIMITATION INVOLVES

THE ISSUE OF THE STATE OF MIND OF THE PRO SE DEFENDANT GANT.

POINT X

THE LOWER TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO SEARCH THE COUNTERCLAIM AND THIRD-PARTY COMPLAINTS OF THE PRO SE DEFENDANT IN DEPTH AND WITH LIBERALITY GIVING SAID COUNTERCLAIM AND THIRD-PARTY COMPLAINTS EVERY REASONABLE INFERENCE OF FACT WITH A GENEROUS AND HOSPITABLE APPROACH AND IN DOING SO DID NOT COMPLY WITH AND THEREBY VIOLATED EXISTING NEW JERSEY CASE LAW.

We conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by Judge McDonnell in her thoughtful oral decisions that thoroughly addressed defendant's claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0696-16T4